# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7913 | **DATE** | 11-23-2011 |
| **CASE TITLE** | Doiakah S. Gray (K-70373) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

Plaintiff Doiakah Gray's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Gray's place of confinement to deduct $17.10 from Gray's account and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at the Stateville Correctional Center. The complaint is dismissed without prejudice to Gray submitting an amended complaint in accordance with this order. Gray's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]     Docketing to mail notices.

# STATEMENT

Plaintiff Doiakah S. Gray (K-70373), an inmate incarcerated at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Stateville Warden Marcus Hardy. Gray alleges that he is allowed only two and one-half hours of outside recreation time per week, and that his job in the prison library conflicts with the times that inmates in his division are allowed yard time. Included with his complaint are a motion to proceed *in forma pauperis* ("IFP") and a motion for the appointment of counsel.

The court grants Gray's motion for leave to proceed IFP and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $17.10. The supervisor of inmate trust accounts at Gray's prison is authorized and ordered to collect, when funds exist, the partial filing fee from Gray's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Gray's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Gray's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Gray's name and the case number of this case. Gray shall remain responsible for the filing fee, and the Stateville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Gray is transferred to another facility.

Although Gray may proceed IFP, his complaint is dismissed without prejudice. This case asserts essentially the same claim Gray asserted in a prior suit, *Gray v. Shaw*, No. 10 C 6839, which alleged that his library job prevented all yard access and exercise for several months beginning in May 2009. Although the present suit involves a more current loss of yard time, Gray settled his prior case in September 2011, thus raising the question whether the settlement addressed and included his current claims. Accordingly, to proceed with the present case, Gray must demonstrate that his current claims were not addressed or included in the settlement of his earlier case. Gray has until December 27, 2011, to submit a pleading demonstrating that his current claims are not covered by the settlement of his prior suit. His failure to comply with this order will result in the dismissal of this case.

Gray's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex discovery or an evidentiary hearing, and Gray's pleadings indicate that he may proceed *pro*

## STATEMENT

*se* with his case at this stage of the proceedings. His motion for the appointment of counsel is therefore denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).